FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 30, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANTHONY JAMES D.,[1]<br><br>          Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, COMMISSIONER OF SOCIAL SECURITY,<br><br>          Defendant. | NO:  1:21-CV-03062-LRS<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR REMAND AS MOOT |

      BEFORE THE COURT is Plaintiff's Motion for Summary Judgment, ECF No. 15 and Defendant's Motion for Remand, ECF No. 16.  This matter was submitted for consideration without oral argument.  Plaintiff is represented by attorney D. James Tree.  Defendant is represented by Special Assistant United States Attorney Jeffrey E. Staples.  The Court, having reviewed the administrative record and the parties' briefing, is fully informed.  For the reasons discussed below,

---

[1] Plaintiff's last initial is used to protect his privacy.

ORDER - 1

1  Plaintiff's Motion, ECF No. 25, is granted and Defendant's Motion, ECF No. 31, is
2  denied as moot.

3                              **JURISDICTION**

4  Anthony James D. (Plaintiff) filed for disability insurance benefits and
5  supplemental security income on October 20, 2016, alleging in both applications an
6  onset date of August 1, 2016.  Tr. 411-25.  Benefits were denied initially, Tr. 298-
7  306, and upon reconsideration, Tr. 311-24.  Plaintiff appeared at a hearing before an
8  administrative law judge (ALJ) on June 14, 2018.  Tr. 132-56.  On October 11,
9  2018, the ALJ issued an unfavorable decision, Tr. 279-86.  On November 24, 2019,
10 the Appeals Council vacated the hearing decision and remanded the case for further
11 proceedings.
12 After a second hearing on August 20, 2020, Tr. 157-222, a different ALJ
13 issued another unfavorable decision on September 9, 2020.  Tr. 17-32, and the
14 Appeals Council denied review.  Tr. 1-6.  The matter is now before this Court
15 pursuant to 42 U.S.C. § 405(g).

16                              **BACKGROUND**

17 The facts of the case are set forth in the administrative hearing and transcripts,
18 the ALJ's decision, and the briefs of Plaintiff and the Commissioner, and are
19 therefore only summarized here.
20 Plaintiff was 28 years old at the time of the second hearing.  Tr. 170.  He has a
21 GED.  Tr. 171.  He has work experience as an autobody painter, material handler,

ORDER - 2

1  janitor, autobody mechanic, and farm manager. Tr. 174-75. Plaintiff testified that

2  he has PTSD, anxiety, depression, and panic attacks. Tr. 172, 188-89. His last job

3  ended because he was physically unable to continue and due to family issues. Tr.

4  176. He wears a back brace every day. Tr. 172-173. He has degenerative spine

5  disease and had a surgical fusion. Tr. 173. He has Addison's disease which is a

6  problem with his adrenal glands. Tr. 173, 187. The biggest limitation from

7  Addison's is a lack of energy. Tr. 187. This would cause a problem with attendance

8  and showing up for work. Tr. 201.

## STANDARD OF REVIEW

10  A district court's review of a final decision of the Commissioner of Social

11  Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is

12  limited; the Commissioner's decision will be disturbed "only if it is not supported by

13  substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158

14  (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable

15  mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and

16  citation omitted). Stated differently, substantial evidence equates to "more than a

17  mere scintilla[,] but less than a preponderance." *Id*. (quotation and citation omitted).

18  In determining whether the standard has been satisfied, a reviewing court must

19  consider the entire record as a whole rather than searching for supporting evidence in

20  isolation. *Id.*

21

ORDER - 3

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of

ORDER - 4

substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment is as severe or more severe

ORDER - 5

than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner should conclude whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant is capable of adjusting to other

ORDER - 6

work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since August 1, 2016, the alleged onset date. Tr. 20. At step two, the ALJ found that Plaintiff has the following severe impairments: Addison's disease; lumbar spondylolisthesis with radiculopathy, status-post lumbar surgery; affective disorder; and anxiety disorder vs. posttraumatic stress disorder. Tr. 20. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 21.

The ALJ then found that Plaintiff has the residual functional capacity to perform sedentary work with the following limitations:

> The claimant can frequently climb ramps and stairs, but never climb ladders, ropes, or scaffolds. The claimant can frequently stoop, kneel,

ORDER - 7

    crouch, and crawl.  The claimant should avoid concentrated exposure to hazards, such as unprotected heights.

    The claimant can perform simple, routine tasks involving simple decisionmaking [sic], with no strict or fast-paced production, or high volume quota, performed in a static environment that experiences few, if any, work-related changes and any changes that might occur would be explained or gradually introduced.

Tr. 22.

At step four, the ALJ found that Plaintiff is unable to perform any past relevant work.  Tr. 30.  At step five, after considering the testimony of a vocational expert and Plaintiff's age, education, work experience, and residual functional capacity, the ALJ found that there are jobs that existed in significant numbers in the national economy that Plaintiff can perform such as cashier II, agricultural produce sorter, final assembler, or document preparer.  Tr. 30-31.  Thus, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, from August 1, 2016, the alleged onset date, through the date of the decision.  Tr. 31.

**ISSUES**

Plaintiff seeks judicial review of the Commissioner's final decision denying disability income benefits under Title II and supplemental security income under Title XVI of the Social Security Act.  ECF No. 15.  Plaintiff raises the following issues for review:

    1. Whether the ALJ properly evaluated Plaintiff's symptom claims; and

    2. Whether the ALJ properly evaluated the medical opinion evidence.

ECF No. 15 at 2.

ORDER - 8

**DISCUSSION**

The parties agree that the ALJ relied heavily on a medical opinion about an individual who is not the Plaintiff which appears to have been erroneously included in the record. ECF Nos. 15, 16. The ALJ cited the opinion of Tasmyn Bowes, Psy.D. (Exhibit 20F), Tr. 873-94, numerous times in the decision. Tr. 21, 25-26, 28-29. Ms. Bowes' opinion is about a person whose name is similar to Plaintiff's name, but the parties agree that this record does not pertain to Plaintiff. The opinion was cited repeatedly in the ALJ's analysis of the opinion evidence and Plaintiff's symptom testimony. As noted by Plaintiff, the error "permeated the entire decision." ECF No. 15 at 18.

Defendant mistakenly argues Plaintiff is seeking an award of benefits and argues the matter should instead be remanded for further administrative proceedings. ECF No. 16 at 6. However, the relief requested by Plaintiff is "remand for further proceedings in order to assess the validity of [Plaintiff's] testimony and the medical opinion evidence without the influence of this extraneous psychological evaluation." ECF No. 15 at 19. Therefore, the parties agree that remand is the proper remedy.

Having reviewed the record and the ALJ's findings, this Court concludes the ALJ's decision is not supported by substantial evidence and free of harmful legal error. On remand, any evidence in the record not pertaining to Plaintiff shall not be considered by the ALJ. Accordingly,

ORDER - 9

1. Plaintiff's Motion for Summary Judgment, **ECF No. 15**, is **GRANTED**.

2. Defendant's Motion to Remand, **ECF No. 16**, is **DENIED** as moot.

3. This case is **REVERSED** and **REMANDED** for further administrative proceedings consistent with this Order pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED**.  The District Court Clerk is directed to enter this Order and provide copies to counsel.  Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**DATED** June 30, 2022.

_____
LONNY R. SUKO
Senior United States District Judge

ORDER - 10